UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 339

| | |
|---|---|
| NANCY AND RANDALL MCMAHAN,<br><br>      Plaintiffs,<br>v.<br><br>JACK VAN DUNCAN, Individually and in his Official Capacity as former Sheriff of Buncombe County, JOHN DOES 1-4, DAVID REED, Individually and in his official capacity of the Buncombe County Sheriff's Department, TYLER MCDONALD, Individually and in his official capacity as Deputy Sheriff of the Buncombe County Sheriff's Department, PAUL OCONNOR, Individually and in his official capacity as Deputy Sheriff of the Buncombe County Sheriff's Department, WESTERN SURETY INSURANCE COMPANY, Corporate Surety on the official bond of the Sheriff of Buncombe County<br><br>      Defendants. | **CONSENT PROTECTIVE ORDER** |

This matter is before the Court on the parties' Motion for Consent Protective Order (Doc. 8). The motion is granted and the parties' proposed Order is accepted, as amended where indicated.

_____

Law enforcement recordings, documents, and information have been and will be sought, produced or exhibited by and among the parties to the above captioned proceeding, which documents and information relate to law enforcement video recordings and employee personnel matters that may be disclosed only under court order, pursuant to N.C. Gen. Stat. §§ 132-1.4A(g) and 153A-98 (c). The parties have sought such an order so as to be in compliance with the statute.

By consent, IT IS HEREBY ORDERED THAT:

1. Confidential information is information which concerns or relates to an individual's application, selection or nonselection, promotions, demotions, transfers, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions and termination of employment wherever located and in whatever form. This information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b) evaluations, (c) law enforcement recordings, and (d) any other similar documents.

2. Any such confidential information obtained in this action which is asserted by Defendants to contain or constitute confidential information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL BY PROTECTIVE ORDER, Case No. 1:19-CV 339" or a comparable notice. (Such information shall be disclosed at any hearing only to Court personnel, to the parties and to counsel for the parties and their employees.)

3. In the absence of written permission from the Defendants or an order by the Court, any confidential information obtained in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) the parties to this action and their counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; or (v) witnesses who are managers or supervisors or the individuals to whom the personnel file belongs. Any confidential personnel information shall be used solely for the purpose of this original action and in preparation for trial. Nothing in this Order is intended to interfere with an individual employee's right to examine his own personnel file to the extent permitted by law.

4. Confidential information obtained in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3 (iv) unless he or she shall have first read this Order and shall have agreed, by letter submitted to Defendants' counsel: (i) to be bound by the terms thereof, (ii) not to reveal such confidential personnel information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential personnel information solely for purposes of this litigation.

5. If any persons, other than those identified above in Paragraph 3, are provided with any confidential information by any person identified in Paragraph 3, such information shall remain confidential and such persons receiving said information shall remain subject to the conditions of this Protective Order.

6. Any confidential information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above, *provided that an appropriate sealing motion has been made and allowed pursuant to the Local Rules*. Any portion of a transcript in connection with this action containing any confidential information identified by Defendants pursuant to paragraph 2 shall be bound separately and filed under seal. A party may designate such portions of the transcript by a statement to that effect on the record by counsel for either side during or before the close of the deposition or hearing, or in writing within thirty (30) days of the designating party's receipt of any transcript thereof. When any confidential information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "PERSONNEL INFORMATION, SUBJECT TO PROTECTIVE ORDER."

7. If confidential information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order,

the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to opposing counsel and the Court, and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information. Should the confidential information be obtained in a manner outside of the means and mechanisms contemplated and described in this Order, then that information shall not be subject to this Order, except that such information shall be used solely for the purpose of this action.

8. Upon final adjudication of this action, the disposition of all confidential information subject to the provisions of this order (including any copies made and/or computer materials made or stored) shall be subject to a final order of the Court.

Signed: April 30, 2020

W. Carleton Metcalf
United States Magistrate Judge

CONSENTED TO:

        s/Brad H. Ferguson
        *Attorney for Plaintiffs*

        s/ Russell McLean
        *Attorney for Plaintiffs*

        s/Sean F. Perrin
        *Attorney for the Defendants Van Duncan in his official and individual capacity, David Reed in his official capacity only, Tyler McDonald in his official capacity only, Paul O'Conner in his official capacity only, and Western Surety Insurance Company*

        s/Thomas J. Doughton
        *Attorney for the Defendants David Reed in his individual capacity, Tyler McDonald in his individual capacity, and Paul O'Conner in his individual capacity.*